**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4102**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

GEORGE TYRONE HILL,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:02-cr-00071-F-1)

Submitted:  July 28, 2010          Decided:  September 2, 2010

Before NIEMEYER, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne
M. Hayes, Michael G. James, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

George Tyrone Hill appeals the district court's order revoking his supervised release and sentencing him to twenty-four months in prison. We affirm.

Hill committed five Grade C supervised release violations. See U.S. Sentencing Guidelines Manual § 7B1.1, p.s. (2009). His criminal history category was V, and the recommended range of imprisonment was 7-13 months. See USSG § 7B1.4(a), p.s. He contends that the twenty-four-month sentence is unreasonable.

A sentence imposed following revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir 2006). A sentence imposed upon revocation of release is procedurally reasonable if the district court considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) (2006) factors that it is permitted to consider. Id. at 438-40. Such a sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Id. at 440.

We find that Hill's sentence is procedurally and substantively reasonable. The district court stated that it had considered the Chapter 7 policy statements, and announced that

2

it would impose a sentence above the recommended sentencing range. Although the court did not cite § 3553(a), the court clearly took into consideration many of the permissible § 3553(a) factors when it sentenced Hill. For instance, the court mentioned Hill's recent and past history of violent behavior, the need to protect the public, and Hill's unsatisfactory conduct while on supervised release.[*]

Hill complains that his sentence is unreasonable because the district court did not address his argument at sentencing that his work history and abstention from drug use warranted a sentence within the recommended range. Because he raises the issue for the first time on appeal, our review is for plain error. See United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). In light of Hill's five release violations, including the commission of criminal conduct and absconding from release, there is no reasonable probability that he would have received a shorter sentence had the district court specifically addressed his argument. Accordingly, Hill has not demonstrated that the alleged error affected his substantial rights, and

---

[*] Contrary to Hill's contention that the district court varied above the recommended sentencing range because of a recent arrest, the court's finding of recent violent behavior was based on Hill's no contest plea to the charge that he had violated supervised release by committing an offense. A no contest plea to a violation of supervised release is treated as a guilty plea to that violation.

3

there was no plain error.  See United States v. Washington, 404 F.3d 834, 849 (4th Cir 2005).  We conclude that the court adequately explained its reasons for imposing the twenty-four-month sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED